**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**

| | |
|---|---|
| MICHAEL MENTE, Individually and as Trustee for the Michael Mente Revocable Trust<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SCOTT OLIVER, an individual; SCOTT OLIVER LAW LLC, a business entity; and TRAVEON ROGERS, an individual,<br><br>　　　　Defendants. | Case No. 1:25-cv-00525<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL MENTE, Individually and as Trustee of the Michael Mentee Revocable Trust ("Mente") submits this Complaint against Defendants SCOTT OLIVER, SCOTT OLIVER LAW LLC, and TRAVEON ROGERS (collectively, "Defendants") and alleges on information and belief as follows:[1]

## NATURE OF ACTION

1. Michael Mente, an individual residing in Los Angeles, California, sought to purchase a rare car—a Mercedes-Benz AMG One Production Slot #197—from a purported exotic car dealer named "Jean-Pierre M.R. Clement" via Mr. Clement's attorney, Defendant Scott Oliver.

2. After making multiple payments in the aggregate amount of $5,417,976.54 between December 2021 and April 2022, Mr. Mente has yet to receive the car. That is because there is no car.

3. "Mr. Clement" is, in fact, not an exotic car dealer, but rather a scam artist named Traveon Rogers.

4. Defendant Rogers, posing as a French exotic car dealer, negotiated and conducted business by and through Defendants Scott Oliver and Scott Oliver Law LLC to sell non-existent interests in exotic cars.

5. Defendant Scott Oliver, as owner of Defendant Scott Oliver Law LLC and in his capacity as an attorney, negotiated the transaction discussed herein, which resulted in money transferred to Rogers via Oliver and none of which resulted in the delivery of a car.

---

[1] Mente originally filed this action in the United States District Court for the Central District of California. *See Mente v. Rogers, et al.*, No. 2:24-cv-04470-SPG-SK (C.D. Cal. May 29, 2024). On January 27, 2025, that court entered an Order dismissing Mente's complaint for lack of personal jurisdiction and with leave to amend. *See id.* at Dkt. 34. Mente's deadline to amend the complaint was February 18, 2025. *Id.* But rather than filing an amended complaint in that case, Mente is commencing the instant case in this Court.

## THE PARTIES

6. Michael Mente is an individual residing in Los Angeles, California.

7. The Michael Mente Revocable Trust was formed by Michael Mente in Los Angeles, California under the laws of the State of California. Michael Mente has served as trustee since its creation and continues to serve as Trustee to this day.

8. Scott Oliver is an individual residing in the state of Colorado. He maintains a law practice, Scott Oliver Law LLC, in Longmont, Colorado. On information and belief, Defendant Oliver committed acts, errors, and omissions alleged herein in his professional capacity with Scott Oliver Law LLC and as Defendant Rogers' attorney.

9. Scott Oliver Law LLC is a law practice organized under the laws of the state of Colorado and with its principal place of business at 1729 Terry Street, Longmont, Colorado 80501.

10. Traveon Rogers is an individual residing, upon information and belief, in Texas.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this claim under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

12. This Court has personal jurisdiction over Defendants because the claims asserted herein arise out of Defendants' contacts with the forum. Further, Defendants Scott Oliver and Scott Oliver Law LLC are citizens of Colorado.

13. Venue for this Complaint is appropriate within this judicial district under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to Mr. Mente's claims occurred in this district and Defendants are subject to this Court's personal jurisdiction.

# FACTUAL BACKGROUND

### A. Mercedes Benz produces a limited number of Mercedes-AMG ONE sports cars.

14.     The Mercedes-AMG ONE (formerly known as "Project One") is a limited-production car coveted by many collectors and car enthusiasts. It is manufactured by Mercedes-AMG and is a plug-in hybrid sports car featuring Formula One-derived technology.

15.     The production version of the Mercedes-AMG ONE was released in June 2022. Production began in August 2022, with all cars scheduled to be built by hand.

16.     Mercedes-Benz limited production of the Mercedes-AMG ONE to 275 units. All units had been sold prior to production.

### B. "Jean-Pierre M.R. Clement," by and through his attorney, Scott Oliver, falsely claims to offer for sale a "Build Slot" for the Mercedes-Benz AMG.

17.     Plaintiff Michael Mente is the co-founder and Co-CEO of a successful online apparel company.

18.     Mr. Mente is also a sports car enthusiast, and in 2021 he became interested in acquiring one of the limited-edition Mercedes-AMG One cars.

19.     Mr. Mente was put in touch with Defendant Scott Oliver, who claimed to represent an exotic car dealer from France named "Jean-Pierre M.R. Clement." Unbeknownst to Mr. Mente, Mr. Clement was, in fact, a false identity used by Defendant Rogers to perpetuate a fraudulent scheme to sell non-existent interests in exotic cars.

20.     On multiple occasions, Oliver represented to Mr. Mente explicitly and implicitly that "Mr. Clement" was a French exotic car dealer who had purchased a production slot, or "Build Slot," from Mercedes-Benz for a Mercedes-AMG One. This was false, as "Mr. Clement" was, in fact, Defendant Rogers, a scam artist who did not own a "Build Slot" for a Mercedes-AMG One.

21.     Nonetheless, Oliver, on behalf of the purported "Mr. Clement," initiated

4

negotiations with Mr. Mente for a multi-million-dollar sale of Mr. Clement's purported "Build Slot" for a Mercedes-AMG One.

22. Those negotiations resulted in the execution of a purchase agreement for the Build Slot. The purchase agreement, first sent by Scott Oliver to Mr. Mente's personal assistant, Jonas Jusay, on December 1, 2021, represented that ECG Holdings, LLC was an entity owned 100% by "Jean-Pierre M.R. Clement" (*i.e.*, Rogers), was party to a "Purchase Option Agreement" with Mercedes-AMG GmbH, and that it held only one asset—a Mercedes-Benz AMG One Production Slot #197 / Project One Code #N6J5 (the "Build Slot")—pursuant to the Purchase Option Agreement. The purchase agreement further represented that ECG Holdings, LLC had deposited $600,600 with Mercedes-AMG GmbH for the Build Slot.

23. The purchase agreement provided that Jean-Pierre M.R. Clement desired to sell to the Mentee Trust, and that the Mentee Trust would assume title to, the vehicle from ECG Holdings, LLC. The purchase agreement also represented that ECG Holdings, LLC would arrange for the vehicle to be delivered to Mr. Mente.

24. The purchase agreement further represented that Jean-Pierre M.R. Clement and ECG Holdings, LLC had the power and authority to execute, deliver and perform their obligations under the purchase agreement.

25. After further negotiations through Scott Oliver, Michael Mente—as Trustee of the Mentee Trust—entered into an agreement with ECG Holdings, LLC on December 9, 2021, which stated that the Mentee Trust acquired a 33% interest in ECG Holdings, LLC.

26. In exchange for the initial interest, the Mente Trust was to pay ECG Holdings, LLC $1,350,600 USD (the "Closing Payment").

27. Accordingly, Mr. Mente wired to Oliver's client trust account the Closing Payment of $1,350,600 USD, which was received on December 6, 2021.

28. Mr. Mente wired further payments to Oliver's client trust account as follows: (1) $511,240 USD for a "lottery deposit," received on February 23, 2022, and (2) $3,556,136.54 USD in base balance and taxes, received on April 1, 2022.

29. In June 2022, Rogers (still posing as Mr. Clement) was supposed to provide a "configuration date" (i.e., the date when Mr. Mente would select custom features for the car, such as its color, audio options, etc.) for the vehicle to Mr. Mente through Oliver. However, Rogers (still posing as Mr. Clement) repeatedly delayed and ultimately never provided a configuration date.

30. Of course, that is because Jean-Pierre M.R. Clement (*i.e.*, Rogers) never owned a Build Slot and there was no vehicle to purchase.

### C. Mente discovers the fraud.

31. On June 2, 2022, the Department of Homeland Security ("DHS") contacted Mr. Mente via Mr. Jusay and informed him that Mente had been defrauded by Defendant Rogers, who was impersonating a French collector of exotic cars and purporting to sell Build Slots that he did not actually own. Shortly thereafter, Mr. Mente's litigation counsel took over communications with Oliver.

32. On June 24, 2022, Rogers, still purporting to be Mr. Clement, sent a WhatsApp message to Mr. Jusay, in which he asserted that Mr. Mente had failed to pay his invoice and that he (i.e., the purported Mr. Clement), therefore, "must terminate contract with AMG factory vis [sic] email today."

33. On June 27, 2022, in response to a request from Mr. Mente's counsel, Oliver sent Mente's counsel a summary of the invoices and payments that Oliver claimed "support[ed] the transaction." This included purported receipts from Mercedes-Benz showing that ECG Holdings, LLC made various payments for the AMG One on February 16, 2022, April 2, 2022, and June 4,

6

2022. On information and belief, those receipts were fraudulent and fabricated by Rogers.

34. Throughout the foregoing negotiations and transactions, Oliver always purported to represent an exotic car dealer from France named "Jean-Pierre M.R. Clement."

## FIRST CLAIM FOR RELIEF

## (NEGLIGENT MISREPRESENTATION AGAINST SCOTT OLIVER AND SCOTT OLIVER LAW LLC)

35. Plaintiff Mente realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

36. Defendants Scott Oliver and Scott Oliver Law LLC supplied false information to Mr. Mente as a result of their failure to exercise reasonable care.

37. Defendants Scott Oliver and Scott Oliver Law LLC, represented (among other things) that Defendant Rogers was a French exotic car dealer named Jean-Pierre M.R. Clement and that ECG Holdings, LLC, a company "Mr. Clement" owned completely, had purchased a Build Slot and could and would deliver the Mercedes-AMG One to Mr. Mente.

38. The foregoing representations were not true.

39. The foregoing representations were a material fact in Mr. Mente's decision to enter into an agreement to purchase the vehicle and to wire payments in furtherance of that purchase.

40. While Defendants Scott Oliver and Scott Oliver Law LLC may have honestly believed that the foregoing representations were true, they had no reasonable grounds to believe that such representations were true.

41. Defendants Scott Oliver and Scott Oliver Law LLC intended for Mr. Mente to rely upon these assertions in entering into an agreement with Rogers to purchase the vehicle and in wiring payments in furtherance of that purchase.

42. Mr. Mente relied on the assertions in entering into the agreement to purchase the

vehicle and in wiring payments of approximately $5,417,976.54 USD to ECG Holdings, LLC via Oliver's client trust account.

43. As a result of the false information provided, Mr. Mente suffered a loss of at least $5,417,976.54 USD.

## SECOND CLAIM FOR RELIEF

### (INTENTIONAL MISREPRESENTATION/FRAUD AGAINST DEFENDANT ROGERS)

44. Plaintiff Mente realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

45. Defendant Rogers made a false representation.

46. Defendant Rogers, through his lawyer, Scott Oliver and Scott Oliver Law LLC, falsely represented (among other things) that he was a French exotic car dealer named Jean-Pierre M.R. Clement and that ECG Holdings, LLC, a company "Mr. Clement" owned completely, had purchased a Build Slot and could and would deliver the Mercedes-AMG One to Mr. Mente.

47. Defendant Rogers knew that the representations were false.

48. Defendant Rogers intended for Mr. Mente to rely on such false representations to purchase the AMG One.

49. Indeed, Mr. Mente relied on such false representations in furnishing payments of $5,417,976.54 USD.

50. As a result of the false information provided, Mr. Mente suffered a loss.

## THIRD CLAIM FOR RELIEF

### (FRAUDULENT CONCEALMENT AGAINST DEFENDANT ROGERS)

51. Plaintiff Mente realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

52. Defendant Rogers took affirmative acts to mislead Mr. Mente.

53. Defendant Rogers, through his lawyer, Scott Oliver and Scott Oliver Law LLC, falsely represented (among other things) that he was a French exotic car dealer named Jean-Pierre M.R. Clement and that ECG Holdings, LLC, a company "Mr. Clement" owned completely, had purchased a Build Slot and could and would deliver the Mercedes-AMG One to Mr. Mente.

54. Mr. Mente did not have knowledge of the facts giving rise to the claim.

55. Mr. Mente acted diligently in trying to uncover the facts giving rise to his claim.

56. As a result, Mr. Mente suffered a loss in the amount of at least $5,417,976.54 USD.

## FOURTH CLAIM FOR RELIEF

### (CONVERSION AGAINST DEFENDANT ROGERS)

57. Plaintiff Mente realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

58. Mr. Mente is the rightful owner of the $5,417,976.54 USD.

59. Defendant Rogers substantially interfered with Mr. Mente's property ($5,417,976.54 USD) by knowingly or intentionally misrepresenting that Defendant Rogers would provide a Mercedes-AMG One in exchange for the money paid.

60. Defendant Rogers obtained possession of the $5,417,976.54 USD by said wrongful act.

61. Mr. Mente did not consent to the theft of his $5,417,976.54 USD.

62. As a result, Mr. Mente suffered a loss in the amount of at least $5,417,976.54 USD.

## FIFTH CLAIM FOR RELIEF

### (MONEY HAD AND RECEIVED AGAINST DEFENDANT ROGERS)

63. Plaintiff Mente realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

64. Defendant Rogers, through his lawyer, Scott Oliver and Scott Oliver Law LLC,

received the $5,417,976.54 USD from Mr. Mente.

64. 65. The money received was not used for Mr. Mente's benefit, *i.e.*, to purchase the Mercedes-AMG One .

66. Mr. Mente never received the car or the Build Slot.

67. Defendant Rogers is indebted to Mr. Mente.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mente requests that this Court award judgment in Mr. Mente's favor and against Defendants for:

1. Damages from Defendants according to proof, and in no event less than $5,417,976.54 USD;

2. Disgorgement from Defendants of unjust enrichment according to proof;

3. Punitive and exemplary damages as may be provided by law;

4. Treble damages as may be provided by law;

5. Attorneys' fees and costs as may be provided by law;

6. Prejudgment and post-judgment interest; and

7. Such other relief as the Court may deem just and proper.

Dated:  February 18, 2025

By:    */s/ Anthony P. Schoenberg*
Anthony P. Schoenberg
tschoenberg@fbm.com
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff Michael Mente, Individually and as Trustee for the Michael Mente Revocable Trust

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mente hereby demands a trial by jury on all issues raised by the Complaint.

Dated:  February 18, 2025

By:    */s/ Anthony P. Schoenberg*
Anthony P. Schoenberg
tschoenberg@fbm.com
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff Michael Mente, Individually and as Trustee for the Michael Mente Revocable Trust